# EXHIBIT A

| | |
|---|---|
| Fred Davis, Esq.<br>Identification No. 93907<br>DAVIS CONSUMER LAW FIRM<br>2300 Computer Rd.-Ste G39<br>WILLOW GROVE, PA   19090<br>(T)1-855-432-8475/(F)1-855-435-9294<br>fdavis@usacreditlawyer.com | ATTORNEY FOR PLAINTIFF<br><br>THIS IS AN ARBITRATION MATTER<br>ASSESSMENT OF DAMAGES<br>HEARING IS REQUESTED. |

*Filed and Attested by PROTHONOTARY 20 Apr 2021 06:10 PM W. Giza-Sisson*

| | |
|---|---|
| MAHAMADOU KOITA<br>2520 S. 75th St.<br>PHILADELPHIA, PA<br>19153<br><br>*Plaintiff*<br><br>v.<br><br>UNITED COLLECTION BUREAU INC.<br>5620 SOUTHWYCK BLVD.<br>TOLEDO, OH<br>43614<br><br>*Defendant* | COURT OF COMMON PLEAS<br>CHESTER COUNTY<br><br><br>CIVIL ACTION<br><br><br><br>DOCKET NO.: |

## NOTICE TO DEFEND
## CODE: 1900

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

**CHESTER COUNTY BAR ASSOCIATION-LAWYER REFERRAL& INFO SERVICE**
Chester Bar Association
15 W Gay St #2,
West Chester, PA
19380


*2021-02630-MJ*

Phone: (610) 692-1889

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas de estas demandas expuestas an las paginas signientes, usted tiene veinte (20) dias de plazo al partir de ia fecha de la demanda y ia notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, le corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u ostros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

### SERVICIO DE REFERENCIA LEGAL
Colegio de Abogados de Chester
15 W Gay St #2,
West Chester, PA
19380
Phone: (610) 692-1889

| | |
|---|---|
| Fred Davis, Esq.<br>Identification No. 93907<br>DAVIS CONSUMER LAW FIRM<br>2300 Computer Rd.-Ste G39<br>WILLOW GROVE, PA 19090<br>(T)1-855-432-8475/(F)1-855-435-9294<br>fdavis@usacreditlawyer.com | ATTORNEY FOR PLAINTIFF<br><br>THIS IS AN ARBITRATION MATTER<br>ASSESSMENT OF DAMAGES<br>HEARING IS REQUESTED. |

*Filed and Attested by PROTHONOTARY 20 Apr 2021 06:10 PM W. Giza-Sisson*

| | |
|---|---|
| MAHAMADOU KOITA<br>2520 S. 75th St.<br>PHILADELPHIA, PA<br>19153<br><br>*Plaintiff*<br><br>v.<br><br>UNITED COLLECTION BUREAU INC.<br>5620 SOUTHWYCK BLVD.<br>TOLEDO, OH<br>43614<br><br>*Defendant* | COURT OF COMMON PLEAS<br>CHESTER COUNTY<br><br>CIVIL ACTION<br><br>DOCKET NO.: |

## COMPLAINT

1. Plaintiff, MAHAMADOU KOITA, is an adult individual citizen and legal resident of the State of Pennsylvania, living at 2520 S. 75th St., Philadelphia, PA, 19153.

2. Defendant, UNITED COLLECTION BUREAU INC., is a business corporation qualified to and regularly conducting business in, the Commonwealth of Pennsylvania, with its legal residence and principal place of business at 5620 SOUTHWYCK BLVD., TOLEDO, OH 43614. Defendant can be served at that address.

3. Plaintiff avers that at all times material hereto, Defendant acted by and through its authorized agents, servants, officers, and/or employees, including Defendant, all of whom were acting within the scope of their employment.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction".

5. Defendant regularly conducts business in the State of Pennsylvania and in the County of Chester, therefore, personal jurisdiction is established.

6. Venue is proper in Chester County pursuant to Pennsylvania Rule(s) of Civil Procedure §§ 1006 and 2179.

7. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

8. Plaintiff is a natural person residing in Philadelphia, PA. Some/all of the transactions comprising the alleged debt occurred in Chester County.

9. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). The transactions comprising the alleged debt were for consumer related purchases, such as household hoods, food, clothing, etc.

10. Defendant, UNITED COLLECTION BUREAU INC., is a company handling debt collection matters with headquarters located at 5620 SOUTHWYCK BLVD., TOLEDO, OH 43614.

11. Defendant is a debt collector as that term is defined by 15 U.S.C. §1692a(6), and sought to collect a consumer debt from Plaintiff, as the alleged debt in questions stems from the acquisition of personal goods and services, such as household items, clothing, groceries, etc.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and

insurers.

## FACTUAL ALLEGATIONS

13. Throughout the past year, Defendant has contacted Plaintiff attempting to collect a debt that Defendant alleges originated with "CITIBANK, N.A", in the amount of $2,689.06.

14. Plaintiff alleges and avers that Defendant caused Plaintiff's phone to ring and contacted Plaintiff at irregular times and places, and often times hung up before identifying itself, only to call right back, in violation of 15 U.S.C. §§ 1692c(a)(1) and d(5).

15. Plaintiff alleges and avers that there is no agreement between Plaintiff and "CITIBANK, N.A" allowing for the collection of any account by a third-party, and Defendant thereby violated 15 U.S.C. §§§§ e(2), (8), (10) and f(2) and (6).

16. Plaintiff alleges and avers that "Defendant's distinction between the "creditor" and "regarding" is a maze of ambiguity, and Defendant thus misrepresented the character, source and nature of the alleged debt, in violation of §§15 U.S.C. §1692e(2), (10) and f(1).

17. Plaintiff alleges and avers that Defendant failed to inform Plaintiff of his rights, in violation of 15 U.S.C. §§§§ 1692g, e(2), (5), and (10).

18. Plaintiff alleges and avers Defendant fails to inform Plaintiff of the credit reporting or tax assessment consequences of paying all or part of the alleged debt, and Defendant thereby violated of 15 U.S.C. §§§ 1692e(2), (5) and (10).

19. Plaintiff alleges and avers that despite Defendant has not timely updated Plaintiff's credit reports to reflect the fact of dispute, in violation of §§15 U.S.C. §1692e(8) and f(1).

20. Plaintiff alleges and avers Defendant's reference to an "account number" and a "United Collection Bureau Reference Number" is deliberately misleading and in violation of §§15 U.S.C. §1692e(2) and f(1).

21. Plaintiff alleges and avers that Defendant's reference to multiple accouns and reference numbers is inherently confusing and aimed at inducing a waiver of Plaintiff's rights under the relevant statute of limitations, and Defendant thereby violated 15 U.S.C. §§§1692e(2), (10), (5) and f(1).

22. Plaintiff alleges and avers that Defendant's failure to inform Plaintiff that *any* verbal confirmation of the alleged debt could re-start the statute of limitations is in violation of 15 U.S.C. §1692e(10).

## COUNT I
## THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")

23. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Harassing, oppressing or abusing Plaintiff in connection with the collection of a debt in violation of 15 U.S.C. § 1692d.

   b. Using misrepresentations or deceptive means to collect a debt in violation of 15 U.S.C. § 1692e(10).

   c. Using unfair or unconscionable means to collect a debt in violation of 15 U.S.C. §1692f.

   d. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

WHEREFORE, Plaintiff, MAHAMADOU KOITA, respectfully prays for a judgment as follows:

    a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## COUNT TWO
## THE PENNSYLVANIA UNFAIR TRADE PRACTICES ACT AND CONSUMER PROTECTION LAW ("UFTPL")

24. Plaintiff hereby incorporates all facts and allegations specified in paragraphs above, by reference as if fully set forth at length.

25. Plaintiff is a "Person" as defined by 73 P.S. § 201-2(2).

26. Defendant is a "Person(s)" as defined by 73 P.S. § 201-2(2).

27. The Pennsylvania Unfair Trade Practices and Consumer Protection Act, 73 P.S. § 201-2(4), defines "unfair or deceptive acts or practices" to include the following:

(a) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;

(b) Causing likelihood of confusion or of misunderstanding as to affiliation, connection or association with, or certification by, another;

(c) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding;

(d) Any violation of 73 Pa. Cons. Stat. Ann. § 2270.

28. Plaintiff alleges and avers that Defendant violated the Act by misrepresenting that any debt was owed and further attempting to lure Plaintiff into extending the statute of limitations, and that Defendant's conduct complained of herein paragraphs amounts to violations of the Fair Credit Uniformity Extension Act, 73 Pa. C.S. § 2270, *et seq*, and is thus a concomitant violation of the Unfair Trade Practices Act.

29. Plaintiff alleges and avers that Defendant violated the Act by misrepresenting that validity of the alleged debt, the identity of the actual creditors, if any, and the legitimacy of the alleged debt.

30. Plaintiff further alleges and avers that Defendant's misleading reference to account and reference numbers,, misreporting of credit information and misrepresentations surrounding the alleged debt was done to confuse and deceive Plaintiff into thinking the debt was legitimate, and Defendant thereby violated the Act.

31. The UTPCPL authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations, and/or $100.00 for statutory damages. Plaintiff avers entitlement to all actual and statutory damages, as well as written confirmation that Defendant has properly reported to the relevant credit bureaus accurate information surrounding the invalidation of the bogus "debt", plus treble that amount, and attorney fees and costs, for Defendant's per se and statutory violations of Pennsylvania Law.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32. Plaintiff hereby incorporates the preceding paragraphs by reference as through fully set forth.

33. Plaintiff alleges and avers that Defendant's conduct was extreme and outrageous, in that it maliciously employed intimidation and harassment, in the form of misleading and abusive collection tactics aimed at perpetually and unfairly and depriving Plaintiff of money and his rights to be free from harassment.

34. Plaintiff alleges and avers that Defendant's conduct was undertaken with the intent of causing, or with reckless disregard for the probability of causing, emotional distress to Plaintiff.

35. Plaintiff alleges and avers that as a direct an proximate result of Defendant's conduct, Plaintiff suffered severe and extreme emotional distress which includes, but is not limited to, harassment inflicted by Defendant's deliberate and vexatious collection efforts.

WHEREFORE, Plaintiff, MAHAMADOU KOITA, respectfully prays for a judgment as follows:

    a. All actual, punitive and compensatory damages suffered

    b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and any other relief deemed appropriate by this Honorable Court.

DAVIS CONSUMER LAW FIRM

By: Fred Davis-PA ID# 93907
Attorney for Plaintiff, MAHAMADOU KOITA
2300 Computer Rd.-Ste G39
Willow Grove, Pa   19090
Tel – 1-855-432-8475/Facsimile-1-855-435-9294
Email: fdavis@usacreditlawyer.com

## V E R I F I C A T I O N

Fred Davis, states that he is the attorney for the Plaintiff herein; that he is acquainted with the facts set forth in the foregoing Complaint; that same are true and correct to the best of his knowledge, information and belief; and that this statement is made subject to the Penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsifications to authorities.

DAVIS CONSUMER LAW FIRM

By: Fred Davis-PA ID# 93907
Attorney for Plaintiff, MAHAMADOU KOITA
2300 Computer Rd.-Ste G39
Willow Grove, Pa   19090
Tel – 1-855-432-8475/Facsimile-1-855-435-9294
Email: fdavis@usacreditlawyer.com

**Davis Consumer Law Firm**
2300 Computer Road, Suite G-39
Willow Grove, PA 19090
P: (855) 432-8475
F: (855) 435-9294
E: fdavis@usacreditlawyer.com
www.usacreditlawyer.com | www.usalemonlawyer.com

United Collection Bureau Inc.
5620 Southwyck Blvd
Toledo, OH
43614

Received By
UCB
APR 26 2021
yw

7019 1640 0000 7014 8745

U.S. POSTAGE FCM LG ENV
PHILADELPHIA, PA 19102
APR 22, 21
AMOUNT
$7.85
R2304M113923-0

1000
43614

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  (b)  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  (c)  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V.  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII.  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☐

I certify that, to my knowledge, the within case  ☐ is / ☐ is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

Peter G. Siachos
*Must sign here*

DATE: _____  _____  _____
                                  *Attorney-at-Law / Pro Se Plaintiff*       *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.  *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
   *(Please specify):* _____

B.  *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____  _____  _____
                                  *Sign here if applicable*
                                  *Attorney-at-Law / Pro Se Plaintiff*       *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*